UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA AL-KUDSY, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>VONS COMPANIES INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:23-cv-01065-GPC-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART JOINT MOTION TO MODIFY SCHEDULING ORDER, and**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 18]** |

Before the Court is the parties' joint motion to modify the scheduling order. ECF No. 18. The parties seek an order from the Court extending the fact discovery deadline by approximately 60 days. *Id*.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 15 at 5 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the fact discovery cutoff is presently January 29, 2024. ECF No. 15 at 1. In their joint motion, the parties have represented to the Court that they need more time to conduct the depositions of Plaintiffs and Defendant's Rule 30(b)(6) witnesses. ECF No. 18 at 3. Specifically, the parties explain that "all six Plaintiffs have been deposed at least one day. However, due to the numerosity of multiple plaintiffs in this case and most of the Plaintiffs being primary Spanish speakers, the parties have needed multiple days to complete the depositions, and three of the six Plaintiffs presently require a second day. Additionally, Defendants have been unable to present a witness(es) for Plaintiffs' noticed Personal Most Qualified deposition due to the holiday season being particularly busy for Defendants." *Id*. Thus, the parties request an order from the Court extending the fact discovery deadline from January 29 to March 29. *Id*. Further, the parties represent to the Court that Defendants' primary attorney will be out of the country for a pre-planned vacation on the pretrial conference date, November 1, 2024, and request to continue the pretrial conference by three weeks. *Id*. at 4.

As an initial matter, the parties' joint motion is deficient. The parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing

deadlines, and the specific reasons why the deadlines cannot be met"). The Court will take the parties at their word without the required declaration, but will not do so again.

Further, without the declaration, the parties' motion lacks the level of specificity required by the Court. Without knowing the firm date of the Plaintiffs' and Rule 30(b)(6) witnesses' depositions, the requested 60-day extension of fact discovery may have been unnecessary or inadequate—i.e., if the depositions were scheduled one week later or two months later, a 60-day extension would not be prudent in either scenario. Thus, the Court required supplemental information from the parties: the "firm dates for the depositions of the remaining three plaintiffs and Defendant's PMQ." ECF No. 19. On January 24, 2024, counsel informed the Court that "the last remaining Plaintiffs' depositions [will be taken] on January 29, 2024 (Plaintiff Maricela Gonzalez) and February 8, 2024 (Plaintiff Maria Corral). The PMQ will be two sessions, one with Crystal Maving on February 15, 2024, the other with Kevin Vargas on February 22, 2024." Email to Chambers (Jan. 24, 2024, at 7:50 PM).

However, in their January 24, 2024, email to the Court, the parties disclosed to the Court *for the first time* that "[t]his will leave four remaining percipient witness depositions … to be conducted by Plaintiffs in March." *Id*. The Court then required the parties to provide firm dates for those percipient witness depositions by January 29, 2024. Email from Chambers (Jan. 25, 2024, at 9:35 AM). On January 29, 2024, counsel informed the Court that they had confirmed the following dates for the percipient witness depositions: March 19, March 22, March 22, and March 28. Email to Chambers (Jan. 29, 2024, at 4:21 PM). The parties did not provide any explanation regarding the delay in taking these depositions, other than Ms. Mendoza being on workers' compensation leave. *See id*.

Though the Case Management Conference ("CMC") in this matter was held on October 30, 2023 (ECF No. 14), the fact discovery period opened on June 27, 2023. ECF No. 4 at 3; ECF No. 7 at 3 (requiring that the parties meet and confer pursuant to Rule 26(f) by June 27, 2023, and noting that "the Court will consider discovery to be open after the parties have met and conferred pursuant to Rule 26, and will take this deadline into account

when setting the case schedule during the CMC"). The Court notes that the many delays in this case could belie a finding of diligence. Further, the parties offer inadequate explanation regarding the significant delays in taking depositions, and the Court expresses its concern that the parties omitted four untaken depositions from their joint motion.

Despite the joint motion's shortcomings, the Court appreciates that the parties are working together. In light of the case's posture and the preference of courts to decide cases on the merits, upon due consideration, the Court will **GRANT IN PART** the joint motion. ECF No. 18. The Court issues the following First Amended Scheduling Order:

1. **January 29, 2024** *remains* the deadline for completion of fact discovery, except for the following:

   a. Plaintiff Maricela Gonzalez's deposition must be completed on or before **January 29, 2024**.

   b. Plaintiff Maria Corral's deposition must be completed on or before **February 8, 2024**.

   c. Rule 30(b)(6) witness Crystal Maving's deposition must be taken on or before **February 15, 2024**.

   d. Rule 30(b)(6) witness Kevin Vargas's deposition must be taken on or before **February 22, 2024**.

   e. Percipient witness Destin Dang's deposition must be taken on or before **March 19, 2024**.

   f. Percipient witness Brianna Fleming's deposition must be taken on or before **March 22, 2024**.

   g. Percipient witness Jose Lino's deposition must be taken on or before **March 22, 2024**.

   h. Percipient witness Alberta Mendoza's deposition must be taken on or before **March 28, 2024**.

2. The parties shall designate their respective experts in writing by **April 29, 2024**. Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any

person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **May 20, 2024**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

      3.      By **April 29, 2024**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

      4.      Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **May 20, 2024**.

      5.      All expert discovery shall be completed by all parties by **June 10, 2024**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.  Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

      6.      All other pretrial motions, including those addressing Daubert issues related to dispositive motions must be filed by **July 8, 2024**.  Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts.  Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Motion papers MUST be filed

and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed. The period of time between the date you request a motion date and the hearing date may vary. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

7. A Mandatory Settlement Conference shall be conducted on **September 11, 2024** at **9:30 a.m.** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **August 21, 2024**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person, by videoconference, or by phone no later than **August 28, 2024**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **September 4, 2024**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the district court's website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **September 4, 2024**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

8. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

9. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **October 11, 2024**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

10. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **October 18, 2024**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

11. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **November 8, 2024**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

12. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **November 15, 2024**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

13. The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on **November 22, 2024** at **1:30 p.m.** The Court will set a trial date

during the pretrial conference. The Court will also schedule a motion in limine hearing date during the pretrial conference.

14. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

15. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day shall not exceed twenty-five (25) pages in length, per party, without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated:  January 30, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge