UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA AL-KUDSY, et al.,<br><br>                                     Plaintiffs,<br><br>v.<br><br>VONS COMPANIES INC., et al.,<br><br>                                     Defendants. | Case No.: 3:23-cv-01065-GPC-AHG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE CERTAIN CASE MANAGEMENT DEADLINES**<br><br>**[ECF No. 22]** |

Before the Court is the parties' joint motion to modify the scheduling order. ECF No. 22. The parties seek an order from the Court extending certain case management deadlines. *Id*.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 20 at 8 (First Amended Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259

(9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the expert disclosure deadline is May 20, 2024, the expert discovery cutoff is June 10, 2024, and the deadline to file pretrial motions is July 8, 2024. ECF No. 20 at 5. In their joint motion, the parties have represented to the Court that they "have a[ settlement conference] scheduled for June 5, 2024, and are desirous of avoiding potentially significant expert-related costs and other legal fees in advance of that settlement conference; [and] have recently completed fact-related discovery and are conferring to streamline the need for experts or the scope of any dispositive motions, and would benefit from additional time to continue those meet and confer discussions." ECF No. 22 at 2; ECF No. 22-1 at 2. As such, the parties seek to continue rebuttal expert deadlines to July 5, continue the expert discovery cutoff to July 25, and continue the pretrial motions deadline to July 23. ECF No. 22 at 4.

The Court appreciates that the parties are working together, and the Court finds good cause to **GRANT** the parties' joint motion (ECF No. 22) as follows:

1. The date for exchange of rebuttal experts shall be by **July 5, 2024**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

2. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **July 5, 2024**.

3. All expert discovery shall be completed by all parties by **July 25, 2024**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. *See* ECF No. 15 at 1–2. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37,

including a prohibition on the introduction of experts or other designated matters in evidence.

   4.  All other pretrial motions, including those addressing Daubert issues related to dispositive motions must be filed by **July 23, 2024**.[1] Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts. Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motion papers MUST be filed and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed. The period of time between the date you request a motion date and the hearing date may vary. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

   5.  All other dates, deadlines, procedures, and requirements set forth in the Court's First Amended Scheduling Order (ECF No. 20) **remain in place**.[2]

   **IT IS SO ORDERED.**

Dated: May 16, 2024

                _____
                Honorable Allison H. Goddard
                United States Magistrate Judge

---

[1] The Court notes that this deadline is two days earlier than the parties' requested expert discovery cutoff. However, the parties requested these deadlines in their motion and reinforced their request in their proposed order. Email to Chambers (May 15, 2024, at 5:52 PM) (proposed order, with expert discovery cutoff as July 25 and pretrial motion deadline as July 23); ECF No. 22 at 2, 4 (same).

[2] Of note, the Court confirms that its September 11, 2024, Mandatory Settlement Conference remains on calendar. *Compare* ECF No. 22 (parties' motion, stating that "this Court scheduled a Mandatory Settlement Conference for June 5, 2024, essentially expediting the Mandatory Settlement Conference previously scheduled for September 11, 2024.") *with* ECF No. 21 (scheduling a settlement conference for June 5, 2024, and not vacating the September Mandatory Settlement Conference).